Matter of Guarino (2024 NY Slip Op 02479)

Matter of Guarino

2024 NY Slip Op 02479

Decided on May 3, 2024

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., OGDEN, NOWAK, DELCONTE, AND KEANE, JJ. (Filed May 3, 2024.) 

&em;

[*1]MATTER OF MICHAEL A. GUARINO, A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Final order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on July 17, 1997. In November 2023, the Grievance Committee filed with this Court proof that, on August 11, 2023, respondent was convicted, upon his plea of guilty in Rochester City Court, of offering a false instrument for filing in the second degree (Penal Law § 175.30), a class A misdemeanor. The plea was entered in satisfaction of allegations that, in late 2018, respondent submitted payment claim vouchers to certain assigned counsel programs with the intent to defraud the assigned counsel programs. During the plea colloquy, respondent admitted that he submitted to the Monroe County Conflict Defender's Office a document he knew contained false information concerning the number of hours he worked on October 9, 2018. In conjunction with the plea, respondent agreed to make restitution in favor of three assigned counsel programs, and City Court sentenced him to a one-year conditional discharge.
On January 17, 2024, this Court entered an order pursuant to Judiciary Law § 90 (4) finding that respondent had been convicted of a "serious crime," suspending him on an interim basis, and directing him to appear and show cause why a final order of discipline should not be entered based on the conviction. Respondent appeared before this Court on April 16, 2024, at which time he was heard in mitigation.
In determining an appropriate sanction, we have considered that, by virtue of his guilty plea, respondent admitted that, on one occasion, he filed an assigned counsel voucher with an assigned counsel program knowing that the voucher contained false information (see Penal Law § 175.30). We have also considered certain matters in mitigation, including respondent's previously unblemished disciplinary record and the several letters of support from colleagues attesting to his professionalism and dedication to clients.
Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of six months, effective January 17, 2024, and that he may file with this Court an application for reinstatement to the practice of law in accordance with the terms of the order entered herewith.